**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 4, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

ARTHUR BARNES,

         Plaintiff-Appellant,

v.

SPIRIT AEROSYSTEMS, INC.,

         Defendant-Appellee.

No. 13-3043
(D.C. No. 6:12-CV-01032-MLB-KGG)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **BALDOCK**, and **GORSUCH**, Circuit Judges.

Plaintiff Arthur Barnes, proceeding pro se, appeals the order granting summary judgment in favor of his former employer, defendant Spirit AeroSystems, Inc. (Spirit), on his interference and retaliation claims under the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2615(a)(1) and (2). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

"We review de novo the district court's decision to grant summary judgment." *Tabor v. Hilti, Inc.*, 703 F.3d 1206, 1215 (10th Cir. 2013) (internal quotation marks omitted). We view the facts in the light most favorable to Mr. Barnes and draw all reasonable inferences in his favor. *See id.* "Summary judgment is appropriate only if [Spirit] shows that 'there is no genuine dispute as to any material fact and [it] is entitled to judgment as a matter of law.'" *Hernandez v. Valley View Hosp. Ass'n*, 684 F.3d 950, 957 (10th Cir. 2012) (quoting Fed. R. Civ. P. 56(a)). Because Mr. Barnes is proceeding pro se, we construe his filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). We affirm the summary judgment for substantially the same reasons relied on by the district court in its thorough and well-reasoned memorandum and order of January 15, 2013.

Mr. Barnes's first claim is that Spirit unlawfully interfered with his right to take approved intermittent FMLA leave when it terminated his employment in September 2011. The district court ruled that Spirit met its burden of showing that it terminated Mr. Barnes for reasons unrelated to his exercise or attempted exercise of his rights under the FMLA. We agree. It is uncontroverted that Spirit terminated Mr. Barnes because he failed to comply with its attendance and notice-of-absence policies, and Mr. Barnes has not come forward with any evidence to contradict Spirit's explanation for his termination or call into question the legitimacy of its policies. Spirit was therefore entitled to summary judgment on the interference claim. *See Twigg v. Hawker Beechcraft Corp.*, 659 F.3d 987, 1008-09 (10th Cir.

2011) ("an employer generally does not violate the FMLA if it terminates an employee for failing to comply with a policy requiring notice of absences, *even if the absences that the employee failed to report were protected by the FMLA*").

Mr. Barnes's second claim is that Spirit unlawfully retaliated against him for exercising his right to take FMLA leave when it terminated his employment. The district court ruled that Mr. Barnes failed to put forth evidence showing that the reason proffered by Spirit for his termination was pretextual.[1] Again we agree. Summary judgment on Mr. Barnes's FMLA retaliation claim was thus required. He had the burden to "show that there is a genuine dispute of material fact as to whether [Spirit's] explanation[] for terminating [his] employment [was] pretextual." *Metzler v. Federal Home Loan Bank of Topeka*, 464 F.3d 1164, 1172 (10th Cir. 2006). "He failed to satisfy that burden and therefore succumbs to summary judgment on [his FMLA retaliation] claim." *Sabourin v. University of Utah*, 676 F.3d 950, 961 (10th Cir. 2012).

We also note two nonmeritorious arguments made in Mr. Barnes's brief on appeal. (1) He suggests that Spirit did not provide a necessary designation notice.

---

[1] In his opening brief, Mr. Barnes alleges that "the policies relied upon by Spirit . . . in making its decision to terminate Mr. Barnes were not applied equally and across the board to all of the company's employees, without regard for whether an employee has been approved for FMLA leave or is absent from work for some other reason." Aplt. Opening Br. at 9. But this conclusory allegation is not supported by any evidence in the summary-judgment record, and it is therefore insufficient to defeat summary judgment on the question of pretext. *See White v. York Int'l Corp.*, 45 F.3d 357, 363 (10th Cir. 1995) ("[C]onclusory allegations standing alone will not defeat a properly supported motion for summary judgment.").

But Spirit had approved intermittent FMLA leave, and Mr. Barnes does not direct us to any failure of Spirit to comply with the requirements for designation notices. (2) He contends that Spirit had relinquished some of its defenses in return for his agreement to dismiss his claims against the original individual defendants. But nothing in the record supports that contention.

The judgment of the district court is affirmed. Spirit's motion to seal Volume II of its Supplemental Appendix is denied, and the clerk of the court is directed to unseal the four exhibits that are contained in Volume II of Spirit's Supplemental Appendix.

Entered for the Court


Harris L Hartz
Circuit Judge